*19 MEMORANDUM **
This is a petition for review of the Board of Immigration Appeals’ (“BIA”) order denying petitioner’s second motion to reopen removal proceedings.
We review the BIA’s ruling on a motion to reopen for abuse of discretion. Perez v. Mukasey, 516 F.3d 770, 778 (9th Cir.2008).
An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioner’s final order of removal was entered on December 19, 2005. Because petitioner’s second motion to reopen was filed on April 16, 2008, beyond the 90-day deadline, and petitioner has not contended that any exceptions to the time and numerical limitations apply, the BIA did not abuse its discretion in denying petitioner’s motion to reopen as both untimely and number-barred. See id.
Accordingly, respondent’s motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. See United States v. Hooton, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).
To the extent petitioner challenges the BIA’s decision declining to exercise its sua sponte authority to reopen removal proceedings, we lack jurisdiction to review that portion of the BIA order. See Ekimi-an v. INS, 303 F.3d 1153 (9th Cir.2002). Accordingly, respondent’s motion to dismiss in part of lack of jurisdiction is granted.
The motion to proceed in formal pauper-is is granted. The Clerk shall amend the docket to reflect this status.
All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.